The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERATED MUTUAL INSURANCE COMPANY,

Plaintiff,

v.

NICHOLAS M. WALL,

Defendant.

NO. 22-cv-5023

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

This case is an insurance declaratory judgment action arising from an underlying auto accident in which Defendant, Nicholas M. Wall, was operating a vehicle owned by his employer, Hudson Holding Co., Inc. ("Hudson"). Plaintiff, Federated Mutual Insurance Company ("Federated"), seeks a declaration that the Mr. Wall is not entitled to uninsured/underinsured motorist ("UIM") coverage under the policy that Federated issued to Hudson. Mr. Wall has counterclaimed for breach of contract, asserting that he is entitled to coverage under the policy based on his interpretation of Washington's UIM statute, RCW 48.22.030. Currently pending before the Court is Plaintiff's Motion for Summary Judgment, ECF No. 13, and Defendant Nicholas M. Wall's Cross Motion for Summary Judgment, ECF No. 15. Having reviewed the parties' briefs

and supporting materials filed in support of and opposition to the motions, and the relevant legal authorities, the Court will GRANT Plaintiff's motion and DENY Defendant's cross-motion.

The reasoning for the Court's decision follows.

## II.     BACKGROUND

The parties agree that there are are no factual disputes in this case; there is only a legal issue to be resolved. Joint Status Report 1-2, ECF No. 10; Pl.'s Mot. 2, 8; ECF No. 13; Def.'s Mot. 2, ECF No. 15.  In brief, Mr. Hall's employer, Hudson, purchased an automobile insurance policy from Federated.  Compl. ¶ 14, ECF No. 1.  Hudson completed Federated's Washington Commercial Auto Underinsured Motorists Option Form, which provided multiple options including buying UIM coverage for all persons who qualified as an insured, limiting coverage to "directors, officers, partners or owners of the named insured and family members who qualify as insureds," rejecting UIM coverage, and selecting coverage amounts if not rejected.  *Id.*  ¶¶ 15-17; UIM Form, ECF No. 14-3.  Hudson rejected property damage coverage, selected bodily injury coverage up to $500,000 limit for directors, officers, partners or owners and family members, and rejected UIM coverage for any other persons who qualify as an insured. *See* UIM Form.

Mr. Wall was operating a Hudson-owned vehicle on May 8, 2019, when he alleges being injured in a motor vehicle accident with an uninsured motorist. Compl. ¶¶ 9-13.   He filed suit against the other driver in state court, and those issues are not a part of this case. *Id.* ¶ 12. Mr. Wall is not one of Hudson's directors, officers, partners or owners or a qualified family member. *Id.* ¶ 21. Therefore, Federated rejected his claim for payment of benefits under Hudson's UIM portion of the policy. *Id.*  ¶ 27; Counterclaim ¶¶ 46, 55, ECF No. 6.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

- 2

Federated seeks a declaration from this Court that Mr. Wall is not entitled to Uninsured or Underinsured Motorists coverage under Hudson's policy in connection with the underlying accident. Compl. ¶ 29. Mr. Wall asserts a breach of contract claim against Federated and seeks an order declaring that he is entitled to all benefits of insurance available under the UIM policy and an award of fees and expenses of this action. Counterclaim 6-7. Both parties have filed for summary judgment in their favor.

### III. STANDARD OF REVIEW

"Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (quoting *United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016)); Fed. R. Civ. P. 56(a). The court has determined that this case is appropriate for summary judgment as the legal issue involved may be resolved based on uncontroverted facts. *See Retuta v. Holder*, 591 F.3d 1181, 1184 (9th Cir. 2010) ("Questions of law include not only pure issues of statutory interpretation, but also application of law to undisputed facts." (citation omitted)).

### IV. DISCUSSION

Mr. Hall contends that UIM coverage is mandatory in Washington and must be provided as a component of any new automobile insurance policy issued in the state. Def.'s Mot 2 (citing RCW 48.22 *et seq.*). He argues that although RCW 48.22.030(3) permits full or partial rejection of coverage, it does not authorize covered persons to be selectively excluded from the policy. *Id.* at 3. Federated argues that under RCW 48.22.030, UIM coverage is "purely optional." Pl.'s Mot. 10.

1  Federated contends that RCW 48.22.030(2) requires only that insurers offer UIM coverage, but
2  subsection (3) of RCW 48.22.030 allows rejection of all or part of the coverage. *Id.* at 10-11. To
3  resolve this issue, the Court will apply the traditional principles of statutory construction.

Under the familiar canon of statutory construction, "the starting point for interpreting a statute is the language of the statute itself," and "[a]bsent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). "The UIM statute is liberally construed in order to provide broad protection against financially irresponsible motorists." *McIllwain v. State Farm Mut. Auto. Ins. Co.*, 133 Wn. App. 439, 446 (2006) (citations omitted). Consequently, Washington courts consider contract principles, public policy, and legislative intent when deciding UIM cases. *Id.*

RCW 48.22.030(2) requires every automobile policy issued in Washington State to provide coverage to protect policyholders from injury or loss caused by uninsured motorists. *Diaz v. Nat'l Car Rental Sys., Inc.*, 143 Wn.2d 57, 61 (2001). The statute provides, in pertinent part,

> (3) Except as to property damage, coverage required under subsection (2) of this section shall be in the same amount as the insured's third party liability coverage unless the insured rejects all or part of the coverage as provided in subsection (4) of this section.
> . . .
>
> (4) A named insured . . . may reject, in writing, underinsured coverage for bodily injury or death, or property damage, and the requirements of subsections (2) and (3) of this section shall not apply.

RCW 48.22.030. The plain language of the statute allows the named insured to reject "all or part" of UIM coverage, provided the waiver is in writing. *Id.* Here, Hudson is the named insured. Hudson rejected, in writing, part of the UIM coverage offered by Federated. *See* UIM Form.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

- 4

1    Mr. Wall argues that the statute does not allow for UIM coverage to be provided for directors and officers, as here, but rejected for other employees. Def.'s Mot. 2-3. He does not offer any authority to support his argument, and his argument is not supported by case law. *See Galbraith v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 78 Wn. App. 526, 531 (1995) ("Washington law does not require employers to provide UIM coverage for their employees."). As a result, employees, such as Mr. Wall, may be left without UIM coverage. *See id.* Mr. Wall also argues that public policy does not support an interpretation of the statute that allows for UIM coverage to be waived on the basis of role in the company. Def.'s Mot. 5-6. But the statute gives the named insured the option to waive "all or part" of UIM coverage. RCW 48.22.030 (3). And generally, "a contract which is not prohibited by statute, condemned by judicial decision, or contrary to the public morals contravenes no principle of public policy." *State Farm General Ins. Co. v. Emerson*, 102 Wn.2d 477, 481 (1984).

Mr. Wall cites *Bishop v. Balagtas*, No. 79D02-0701-CT-00003, 2008 WL 7123046 (Ind. Super. May 21, 2008), which found that the "directors and officers only" option—similar to the option provided to Hudson in this case—was invalid. However, the option was found to be invalid in Indiana because the Indiana statute includes wording that the named insured "has the right, on behalf of all other named insured *and* all other insureds, in writing" to reject UIM coverage. *Id.* (emphasis supplied by the Indiana court). The court determined that the use of the word "and" "indicates that coverage cannot be declined for some insureds while selected for others." *Id.* The Washington statute does not contain similar wording, and there is no Washington case law to support this position. "Underinsured motorist coverage is limited personal accident insurance chiefly for the benefit of the named insured. Limiting the scope of the definition of who else is an

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

- 5

'insured' does not run afoul of the public policy behind Washington's UIM statute." *Vasquez v. Am. Fire & Cas. Co.*, 174 Wn. App. 132, 138 (2013) (citing *Smith v. Continental Cas. Co.*, 128 Wash.2d 73, 83 (1995)). Because the named insured may reject all or part of UIM coverage, there is no public policy violated by the named insured rejecting part of UIM coverage, as occurred here. *See Clements v. Travelers Indem. Co.*, 121 Wn.2d 243, 250 (1993) ("The UIM statute *does not mandate* UIM coverage, but requires all insurers to make UIM coverage *available* to Washington policyholders. Once the coverage is offered, the insured is free to waive it." (emphasis added)).

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, ECF No. 13, is GRANTED, and Defendant Nicholas M. Wall's Cross Motion for Summary Judgment, ECF No. 15, is DENIED. Judgment shall be entered by separate order declaring that Federated has no obligation to provide UIM coverage to Mr. Wall in connection with the underlying accident on May 8, 2019.

DATED this 22nd day of May, 2023.

Barbara Jacobs Rothstein
U.S. District Court Judge